UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTNEAL MATTHEWS,

                Plaintiff,

   -against-

NCPD OFFICER VINCENT ARDITO,
individually, and THE COUNTY OF NASSAU,

                Defendants.
----------------------------------------------------------X

Docket No: 25-cv-3113

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, ANTNEAL MATTHEWS ("Plaintiff"), by his attorneys, HARFENIST KRAUT & PERLSTEIN, LLP, as and for a complaint, allege as follows:

## NATURE OF THE ACTION

1. After being involved in a car accident when being followed by white males, the Plaintiff, who is a black male, was falsely arrested and prosecuted for nothing but "driving while being black" in a predominantly white neighborhood in Island Park, Nassau County, New York.

2. This is an action for false arrest and malicious prosecution seeking recovery for deprivation of Plaintiff's civil rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution committed by NCPD Officer Vincent Ardito ("Ardito") and The County of Nassau ("County"). This case arises from Plaintiff's illegal arrest for driving while intoxicated.

1

3. Additionally, this action seeks recovery under New York State Law for false arrest and malicious prosecution.

4. The Plaintiff bases this action upon his illegal arrest, seizure and prosecution by Ardito and other members of the Nassau County Police Department ("NCPD") on November 22, 2023, the execution of a District Court Information by Ardito that commenced a prosecution for driving while intoxicated which was fueled by the false and malicious statements of Ardito that terminated with the dismissal of all charges on July 2, 2024.

**JURISDICTION**

5. Jurisdiction is proper in this Court pursuant to 28 USC §1331, 28 USC §1343 and 42 USC §1983 in that the actions taken by the municipal defendants violated the Plaintiff's civil rights.

6. Additionally, this Court may exercise supplemental jurisdiction pursuant to 28 USC §1376(a) in that the state law malicious prosecution claim against Ardito arises from the same set of facts and is inextricably intertwined with the Federal claims.

**VENUE**

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since the Plaintiff was seized in Island Park, New York, and

prosecuted in Mineola, New York, both of which are located within the jurisdiction of the Eastern District of New York.

## PARTIES

8. Plaintiff is a resident of the State of New York, residing in the County of Nassau.

9. Ardito, who is being sued in his individual capacity, is a Police Officer employed by the NCPD. Upon information and belief, at all relevant times described herein, Ardito was acting under color of state law within the scope of his employment with the NCPD.

10. The County is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York.

## STATEMENT OF FACTS

11. On November 22, 2023, Plaintiff was on his way home from a friend's house at approximately 10:30 PM.

12. While driving on Long Beach Road in Island Park, Plaintiff began getting pursued by a white pickup truck which was occupied by two (2) unidentified white males.

13. Plaintiff was driving southbound on Long Beach Road when the white pickup truck began following him.

14. While being pursued, Plaintiff lost control of his vehicle and ended up colliding with approximately four (4) parked vehicles near 67 Island Parkway, Island Park, New York 11558.

15. Ardito was the first officer at the scene of the accident arriving at approximately 10:52 PM.

16. Ardito approached Plaintiff to begin his investigation and immediately started getting bombarded with statements by the residents of Island Park who came outside of their homes to see what was going on.

17. At this point, the white pickup truck involved in the pursuit had arrived at the scene of the accident. Upon information and belief, the two (2) individuals in the pickup truck resided near the scene of the accident.

18. The individuals in the white pickup truck allegedly witnessed Plaintiff driving fast near the train tracks that cross over Long Beach Road which is approximately one (1) mile north of where the accident took place.

19. Upon information and belief, the driver of the white pickup truck works for the Department of Public Works for the "town".

20. The two (2) individuals told Ardito that they were following Plaintiff "just to see where he lived."

21. Upon information and belief, police officer Kenneth Trzaskalski ("Trzaskalski") arrived at the scene at approximately 10:57 PM, shortly after Ardito, and began speaking with the two (2) individuals in the white pickup truck.

22. The two (2) individuals told Trzaskalski that they were following Plaintiff and were "just watching to see where he would pull over at."

23. One (1) of the two (2) individuals told Ardito, "you gotta do a fuckin' deewee on him" referring to Plaintiff.

24. While the investigation was ongoing, residents of Island Park were shouting, among other things, "he's drunk," "he doesn't live here," and "what, is this guy fuckin' drunk?"

25. Thereafter, Ardito shut off his body camera at approximately 10:57 PM and proceeded to conduct a Nystagmus test on Plaintiff.

26. Trzaskalski did not approach Ardito and Plaintiff until approximately 10:59 PM, causing Ardito's Nystagmus test on Plaintiff to not be recorded on a body camera.

27. At approximately 10:59 PM, Trzaskalski is approached by Ardito and asked "what do we got?"

28. Ardito responded while shaking his head no, "I mean, he's not drunk" and continued to explain that the accident may be due to Plaintiff driving fast.

29. At approximately 11:00 PM a bystander yells out to Trzaskalski, "what is this guy fuckin' drunk?" to which Trzaskalski responds, "we're gonna find that out."

30. The officers on the scene did nothing further to determine if Plaintiff was intoxicated. Instead, the officers blindly followed the obviously racially charged demands of the residents of Island Park who claimed he was drunk and wanted Plaintiff to be arrested for driving while intoxicated.

31. At 11:02 PM Ardito turned his body camera back on and continued his investigation.

32. As Plaintiff questioned Ardito as to why he was conducting another test, Ardito responds with saying that he needs to conduct another test "just to check" despite being tested five (5) minutes before and Ardito told Trzaskalski that Plaintiff was not drunk.

33. Having lost faith in Ardito being genuine, Plaintiff refused to participate in any additional tests.

34. From 11:04 PM to 11:11 PM, Ardito and the other officers searched and handcuffed Plaintiff prior to putting him in the back of a police car.

35. Between 11:11 PM and 11:27 PM, Plaintiff sat in the back of a police car handcuffed and no further investigation into his sobriety occurred.

36. By Ardito's own admission, the officers lacked probable cause to arrest Plaintiff for driving while intoxicated.

37. Unfortunately, the officers succumbed to the pressure they were receiving from the Island Park residents to "do something about him" and arbitrarily decided that arresting Plaintiff for driving while intoxicated was the best solution.

38. Following his arrest, Plaintiff was taken to the Fourth Precinct and booked. Thereafter, Plaintiff was taken to Nassau District Court to be arraigned on accusatory instrument accusing him of driving intoxicated in violation of the New York Vehicle & Traffic Law.

39. Following his arraignment on November 23, 2024, Plaintiff made approximately five (5) court appearances.

40. On July 2, 2024, the prosecution against Plaintiff ended by dismissal on the motion of the prosecution.

41. Plaintiff filed a Notice of Claim against the Defendants on September 19, 2024, for false arrest and malicious prosecution.

42. On November 22, 2024, the County wrongly denied the claim as untimely.

## AS AND FOR A FIRST CAUSE OF ACTION
## FALSE ARREST IN VIOLATION OF PLAINTIFF'S
## FOURTH AND FOURTEENTH AMENDMENT RIGHTS

43. Plaintiff repeats, realleges and reiterates the allegations in the preceding paragraphs as if more fully set forth herein.

44. On November 22, 2023, Plaintiff was intentionally detained by Ardito.

45. In detaining Plaintiff, Ardito was acting under color of state law and within the scope of his employment by the NCPD.

46. Plaintiff was aware of his detention.

47. Plaintiff did not consent to being detained.

48. Plaintiff's detention was not privileged as Ardito did not have probable cause to believe that Plaintiff had violated Vehicle and Traffic Law § 1192 (1) & (3) or any other crime.

49. Ardito had no probable cause to believe that Plaintiff was driving while intoxicated since he conducted his own investigation which revealed that Plaintiff was not under the influence, which he stated at the scene.

50. As a result of his illegal detention, Plaintiff's Fourth and Fourteenth Amendment rights were violated, and he was falsely arrested.

51. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than

8

ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS

52. Plaintiff repeats, realleges and reiterates the allegations in the preceding paragraphs as if more fully set forth herein.

53. In swearing to the District Court Information, Ardito participated in the commencement of a criminal prosecution against Plaintiff.

54. As a result of the commencement of the criminal prosecution, Plaintiff was required to spend considerable sums to defend the baseless criminal charges before they were dismissed and also lost his job due to the allegations.

55. Ardito lacked probable cause to believe that Plaintiff committed any criminal act under Vehicle and Traffic Law § 1192 (1) & (3) as alleged in the District Court Information or any other crime.

56. The lack of probable cause creates an inference of malice on the part of Ardito.

57. The dismissal of the charges constitutes a favorable determination.

58. As a proximate result of the malicious prosecution, Plaintiff's Fourth and Fourteenth Amendment rights were violated.

59. As a proximate result of Ardito's intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A THIRD CAUSE OF ACTION**
**MALICIOUS PROSECUTION CLAIM UNDER NEW YORK STATE LAW**

60. Plaintiff repeats, realleges and reiterates the allegations in the preceding paragraphs as if more fully set forth herein.

61. It is well settled law that the elements of a malicious prosecution claim under New York law are substantially the same as a claim under 42 USC §1983.

62. Ardito participated in the commencement of the prosecution against Plaintiff, despite a lack of probable cause to believe that Plaintiff had committed a crime.

63. Ardito continued the prosecution of Plaintiff, despite knowledge that there was no evidence to support the allegation that Plaintiff had committed a crime under Vehicle and Traffic Law § 1192 (1) & (3).

64. The commencement and continuation of the prosecution against Plaintiff was without probable cause, constituted maliciousness, and was fueled by the Island Park residents' racial discrimination and outright hatred for black people existing in their community.

65. The dismissal of the charges constitutes a favorable determination.

66. As a proximate result of these acts, Ardito committed the tort of malicious prosecution under New York law.

67. As a proximate result of Ardito's intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**FALSE ARREST CLAIM UNDER NEW YORK STATE LAW**

68. Plaintiff repeats, realleges and reiterates the allegations in the preceding paragraphs as if more fully set forth herein.

69. On November 22, 2023, Plaintiff was intentionally detained by Ardito.

70. In detaining Plaintiff, Ardito was acting under color of state law and within the scope of his employment by the NCPD.

71. Plaintiff was aware of his detention.

72. Plaintiff did not consent to being detained.

73. Plaintiff's detention was not privileged as Ardito did not have probable cause to believe that Plaintiff had violated Vehicle and Traffic Law § 1192 (1) & (3) or any other crime.

74. Ardito had no probable cause to believe that Plaintiff was driving while intoxicated since he conducted his own investigation which revealed that Plaintiff was not under the influence, which he stated at the scene.

75. As a result of his illegal detention, Plaintiff's rights under New York state law were violated and he was falsely arrested.

76. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands the following relief:

    a.    For compensatory damages against all defendants in an amount to be proved at trial, but no less than THREE MILLION DOLLARS ($3,000,000.00).

    b.    For exemplary and punitive damages against all defendants in an amount to be proved at trial.

    c.    For attorneys' fees pursuant to 42 U.S.C. §1988 against all defendants.

        d.      For such other and further relief as this Court may deem just and proper.

Dated: Lake Success, New York
       June 4, 2025

                                    HARFENIST KRAUT & PERLSTEIN, LLP

            By:    *Steven J. Harfenist*
                                Steven J. Harfenist
                                *Attorneys for Plaintiff*
                                3000 Marcus Avenue, Suite 2E1
                                Lake Success, New York 11042
                                T: (516) 355-9600
                                F: (516) 355-9601
                                E: SHarfenist@hkplaw.com